IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TECHNOLOGY PROPERTIES LIMITED, LLC | § § § | |
| v. | § § | CIVIL ACTION NO. 6:12-cv-202 |
| HITI DIGITAL, INC., et al. | § | |

| | | |
|---|---|---|
| TECHNOLOGY PROPERTIES LIMITED, LLC | § § § | |
| v. | § § | CIVIL ACTION NO. 6:12-cv-207 |
| HITI DIGITAL, INC., et al. | § | |

| | | |
|---|---|---|
| TECHNOLOGY PROPERTIES LIMITED, LLC | § § § | |
| v. | § § | CIVIL ACTION NO. 6:12-cv-217 |
| SHUTTLE, INC., et al. | § | |

## ORDER TO MEET, REPORT, AND APPEAR AT SCHEDULING CONFERENCE

Shortly after these cases were filed, the Court stayed proceedings pending review by the United States International Trade Commission (ITC). The parties recently notified the Court that the ITC proceedings have concluded, and Plaintiff has moved to lift the stay. [1] Having considered Plaintiff's unopposed request, the motions are GRANTED.

Furthermore, having considered the related nature of the above listed cases and those cases previously consolidated into 6:12-cv-202, *Technology Properties Limited, LLC v. Canon, Inc.*, these cases are also consolidated with 6:12-cv-202 for all pretrial purposes, including

discovery and claim construction. The Court defers any decisions regarding consolidation for trial.

In view of this consolidation, the Clerk of the Court shall add the consolidated defendants to the lead case, as well as lead counsel only. Any other counsel who wishes to appear in the lead case shall file a notice of appearance in that case. Further, the Clerk shall close all cases listed above other than the lead case.

Furthermore, the Court ORDERS the following:

1. Counsel and all unrepresented parties must comply with the following deadlines[2]:

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline to file motions to transfer | February 26, 2014 |
| Deadline to hold a meeting as required by Fed. R. Civ. P. 26(f) | February 26, 2014 |
| Deadline to file a joint report that reflects the parties' detailed case management plan. The report must contain the information required on the attached form. | March 5, 2014 |
| Deadline to serve disclosures of asserted claims and infringement contentions pursuant to Patent Rules 3-1 and 3-2 | March 5, 2014 |
| Counsel and all unrepresented parties must appear in person for a Scheduling Conference. | Wednesday, March 19, 2014 at 10:00 a.m. in **TYLER, TEXAS** |

2.      Unrepresented parties, unless incarcerated, are bound by the requirements imposed upon counsel in this order.

3.      Counsel must file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. Underline the name of each corporation whose securities are publicly traded. If new parties are added or if additional persons or entities that are financially interested

---

[1]  6:12-cv-207, Doc. No. 18 and 6:12-cv-217, Doc No. 15.
[2]  All parties in Cause No. 6:12-cv-202 shall jointly comply with these deadlines.

in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel must promptly file an amended certificate with the clerk.

4.     The Court will enter a Protective Order in this case. The Court's standard form is available on the Court's website. The Protective Order will apply to all discovery and disclosures herein. If the parties believe a modified order is necessary, they may submit an agreed proposed order to the Court. If the parties are unable reach an agreement, they must submit competing motions to the Court limited to five pages each. The parties must identify any provision on which they cannot agree and explain the reasons for their disagreement. Any party may oppose the issuance of or move to modify the terms of the Protective Order for good cause.

5.     The Court will also enter the District's Model Order Regarding E-Discovery in Patent Cases. *See* Local Rule App. P.

6.     The Local Patent Rules of the Eastern District of Texas (cited as P.R._____) (available on the Eastern District Website) will apply to all proceedings in this case. In the absence of a showing of good cause by a party objecting to a required disclosure, parties must disclose, without further request or order, all information required by the Patent Rules in accordance with the deadlines set therein, unless modified by the Court.

7.     Absent agreement, depositions of witnesses will not be taken until after the scheduling conference. Following the conference, the Court will enter a Scheduling and Discovery Order establishing parameters of discovery and setting deadlines controlling disposition of the case.

8.     The use of fictitious names is disfavored by federal courts. *Doe v. Blue Cross & Blue Shield*, 112 F.3d 869 (7th Cir. 1997). Notice is given that the Court will enter an order dismissing all fictitious parties, if any, following the Scheduling Conference. Dismissal is without prejudice to take advantage of the provisions of Federal Rule of Civil Procedure 15(c).

9.     The parties are relieved from complying with Local Rule CV-5(a)(9), which requires courtesy copies be sent to chambers for any electronically filed document that exceeds five pages in length, attachments included. It is unnecessary to provide the Court with a courtesy copy unless a document exceeds fifty pages in length, attachments included. Parties are encouraged to provide courtesy copies in a three-ring binder or in a spiral-bound format.

But parties **must** submit to the Court courtesy copies of all claim construction briefing regardless of length. Parties must submit two paper copies to the Court and one paper copy to the technical advisor (if applicable). Each paper courtesy copy must be submitted in a three-ring binder with appropriately tabbed dividers. Accompanying each binder should be a CD containing the briefing (in Word format) and the exhibits. If appropriate, due to the volume of exhibits, a party may contact the court or the technical advisor to make alternate submission arrangements (e.g., submit courtesy copies only on CD).

10.     Plaintiff's counsel must immediately notify the Court upon settlement.

11.     Failure to comply with this order invites sanctions, including, as appropriate, dismissal of the action or default judgment and assessment of fees and costs. *See* Fed. R. Civ. P. 16(f).

**It is SO ORDERED.**

**SIGNED this 24th day of February, 2014.**


_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **TECHNOLOGY PROPERTIES** | § | |
| **LIMITED, LLC** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:12-cv-202** |
| | § | |
| **CANON, INC., et al.** | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

---

Please restate each instruction before furnishing the requested information.

Any differences between parties as to the response(s) to any matter must be set forth in this report.

This document is available in Microsoft Word format on the Court's website.

---

1.  State where and when the conference required by Federal Rule of Civil Procedure 26(f) was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email address.

2.  For any attorney not listed in response to question one, list the name, bar number, address, email address, and telephone number of counsel and any unrepresented person who will appear at the Scheduling Conference on behalf of the parties. Appearing counsel must be an attorney of record, have full authority to bind clients and enter into stipulations regarding all matters that may be discussed.

3.  List the correct names of the parties to the action.

4.  List any related cases pending in any state or federal court. Include the case numbers, the courts, and how they are related, including the patents involved.

5.  Briefly summarize in three (3) pages or less: (a) What this case is about, and (b) Each claim or defense.[3]

6.  List anticipated additional parties that may be included, when they might be added, and by whom. Plaintiff should also indicate if it anticipates filing additional related cases in this district.

7.  List anticipated intervenors.

---

[3] The parties should not simply recite their pleadings.

8.    Describe the proposed discovery/case management plan, including:

    (a)    In accordance with Rule 26(f):

        (1)    Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including when the initial disclosures were made or will be made. *See also* Proposed Dates For Scheduling, ¶ 15;

        (2)    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on limited issues. (For example, whether fact and expert discovery be conducted in phases.) *See also* Proposed Dates For Scheduling, ¶ 15;

        (3)    In view of the Court's recent order on e-discovery, any issues relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be produced;

        (4)    The steps already taken or that will be taken for preserving discoverable information, including ESI;

        (5)    Any issues relating to claims of privilege or protection, including whether any agreement has been reached as to inadvertent production; and

        (6)    Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and the Court's standard Scheduling and Discovery Order available on the Court's Website.

    (b)    Of whom and by when Plaintiff anticipates taking oral depositions.

    (c)    Of whom and by when Defendant anticipates taking oral depositions.

    (d)    When Plaintiff (or the party with the burden of proof on an issue) anticipates taking expert depositions and the anticipated completion date.

    (e)    When the opposing party anticipates taking expert depositions and the anticipated completion date.

    (f)    Whether the Court should authorize the filing under seal of any documents containing confidential information.

    (g)    If the parties disagree on any part of the discovery plan, describe the opposing views.

9.    Specify any discovery beyond the initial disclosures that has taken place to date.

10.    The Court will incorporate in its Scheduling and Discovery Order the procedure set forth in the Court's Model Order Focusing Patent Claims and Prior Art to Reduce Costs.

General Order No. 13-20. Indicate whether the parties agree to the limitations set forth in the model order or whether the parties agree to modified limits. If the parties cannot reach an agreement, briefly describe each side's position.

11.     State the progress made toward settlement, and the present status of settlement negotiations by providing the information set out below.[4]

      a.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.

      b.     Describe what each party has done or agreed to do to bring about a prompt resolution of this case.

      c.     State whether a demand and an offer have been made.

      d.     If the parties have agreed on a specific mediator, state the name and address of the mediator and at what stages of the litigation mediation is most appropriate.

12.     United States Magistrate Judges are vested with full authority to try both jury and nonjury trials. State whether the parties agree to trial before a United States Magistrate Judge.[3]

13.     State whether a jury demand has been made and if it was made on time.

14.     List all pending motions.

15.     Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Scheduling Conference.

16.     Certify that all parties have filed Disclosure of Interested Persons as directed in paragraph 3 in the **Order to Meet, Report, and Appear at Scheduling Conference**, listing the date of the original and any amendments.

17.     <u>Proposed Dates for Scheduling</u>. Please review the proposed deadlines for many of the pretrial events (listed below) that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance in (1) formulating answers to the other parts of this questionnaire and (2) scheduling the events preceding the trial. The Scheduling and Discovery Order that will be entered at the Scheduling Conference will necessarily be more specific, more detailed, and contain additional matters and discovery limitations. The Court's suggested dates and events may be appropriate for this case. <u>If not</u>, please propose suggested modifications that the parties believe are suited for this lawsuit.

---

[4] This must be a detailed answer. Do not submit a generic recitation that settlement was discussed but was unsuccessful.

[3] The Court urges parties to give this option serious consideration. Parties consenting should file the appropriate form as soon as possible so that a Rule 16 management conference can be scheduled before the Magistrate Judge. *See* <u>Local Rule App. B</u>.

**THE PARTIES SHOULD REVIEW THE COURT'S SAMPLE SCHEDULING AND DISCOVERY ORDER FOR FURTHER DESCRIPTION OF THE COURT'S DEADLINES AND EXPECTATIONS. THE FORM IS AVAILABLE ON THE <u>COURT'S WEBSITE</u>.**

**As indicated below by asterisks, some dates and events are "firm" and are not to be changed due to limited judicial resources and the Court's calendar.**

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PARTIES' PROPOSED DATES |
|---|---|---|
| **Rule 26(f) meeting\*** | February 26, 2014 | **n/a** |
| **File case management plan\*** | March 5, 2014 | **n/a** |
| Deadline to serve Disclosure of Asserted Claims and Infringement Contentions (P.R. 3-1 and 3-2) | March 5, 2014 | **n/a** |
| **Rule 16(b) scheduling conference\*** | March 19, 2014 | **n/a** |
| Deadline to serve initial disclosures | April 18, 2014 | |
| Deadline to serve invalidity contentions (P.R. 3-3 and 3-4) | April 18, 2014 | |
| Deadline to add additional parties | April 18, 2014 | |
| Deadline to amend pleadings | April 18, 2014 | |
| Deadline to exchange proposed terms for construction (P.R. 4-1) | May 2, 2014 | |
| Deadline to file motions to dismiss | May 16, 2014 | |
| Deadline to exchange privilege logs | May 16, 2014 | |
| Deadline to exchange preliminary claim construction and extrinsic evidence (P.R. 4-2) | May 23, 2014 | |
| Deadline to file Joint Claim Construction and Prehearing Statement (P.R. 4-3) | June 19, 2014 | |

| | | |
|---|---|---|
| Deadline to submit **required** tutorial | June 19, 2014 | |
| Deadline to make preliminary election of asserted claims (*see* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) | July 18, 2014 | |
| Discovery deadline—claim construction | July 18, 2014 | |
| Deadline to make preliminary election of asserted prior art (*see* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) | August 1, 2014 | |
| Deadline to file opening claim construction brief (P.R. 4-5(a)) | August 1, 2014 | |
| Deadline to file response to claim construction brief (P.R. 4-5(b)) | August 19, 2014 | |
| Deadline to file motion for summary judgment of indefiniteness | August 19, 2014 | |
| Deadline to file reply to claim construction brief (P.R. 4-5(c)) | August 26, 2014 | |
| Deadline to file response to motion for summary judgment of indefiniteness | August 26, 2014 | |
| Deadline to file reply to motion for summary judgment of indefiniteness | September 3, 2014 | |
| Deadline to file claim construction chart (P.R. 4-5(d)) | September 3, 2014 | |
| **Claim construction hearing (i.e. *Markman* hearing) (P.R. 4-6)\*** | October 8, 2014 | |
| Deadline to make final election of asserted claims (*see* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) | October 22, 2014 | |
| Deadline to make final election of asserted prior art (*see* Model Order Focusing Patent Claims and Prior Art to Reduce Costs, General Order No. 13-20) | November 21, 2014 | |

| | | |
|---|---|---|
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof | November 21, 2014 | |
| Deadline to disclose willfulness opinions (P.R. 3-7) | December 5, 2014 | |
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof | December 19, 2014 | |
| Deadline to file letter briefs regarding dispositive motions | January 9, 2015 | |
| Deadline to notify Court of mediator | January 9, 2015 | |
| Discovery deadline | January 23, 2015 | |
| Deadline to complete **required** mediation | January 30 ,2015 | |
| **Deadline for dispositive motions (including *Daubert* motions)\*** | March 6, 2014 | |
| Deadline for parties to exchange pretrial disclosures | April 1, 2015 | |
| Deadline to notify Court of daily transcript or realtime request | April 1, 2015 | |
| Deadline for parties to exchange objections to pretrial disclosures | April 15, 2015 | |
| Deadline for parties to meet and confer on objections | April 22, 2015 | |
| **Deadline to file pretrial materials\*** | May 1, 2015 | |
| Deadline for parties to exchange exhibits | **May 27, 2015** | |
| **Pretrial conference and trial setting\*** | **June 1, 2015 at 9:00 a.m. in Tyler, Texas** | |

**_Signature of Counsel and Date:_**

Page 10 of 10