**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DISTRICT**

| | | |
|---|---|---|
| TECHNOLOGY PROPERTIES LIMITED, LLC, | ) ) | Civil Action |
| Plaintiff, | ) ) | Master Case No. 6:12-cv-202 |
| v. | ) ) | JURY TRIAL DEMANDED |
| Canon, Inc. et al | ) ) | |
| Defendants. | ) ) | |

**ANSWER AND COUNTERCLAIMS OF
DEFENDANTS NEWEGG INC. AND ROSEWILL INC.**

Defendants Newegg Inc. and Rosewill Inc. ("Defendants") answer the individually numbered paragraphs of the Complaint of Technology Properties Limited, LLC ("Plaintiff") and assert Affirmative Defenses and Counterclaims as follows.  All averments are denied unless specifically admitted herein.

1. Defendants are without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis deny said averments.

2. Admitted.

3. Admitted.

4. No response is believed to be necessary for this paragraph.

5. Defendants admit that the Complaint purports to set forth a claim of patent infringement.  Defendants deny that they have infringed the asserted patents in this or any other judicial district.  Defendants admit that this Court has subject matter jurisdiction.

6. All averments are denied.

7. Defendants incorporate their responses to paragraphs 1 – 6 of the Complaint as if set forth in their entirety.

8. Defendants admit that the Complaint purports to set forth a claim of patent infringement. Defendants deny that they have infringed the asserted patent.

9. Defendants admit only that the patent number, title and issue date of the patent are recited on the face of the patent. Defendants are without sufficient information to either admit or deny the remaining averments of this paragraph of the Complaint, and on this basis deny said averments.

10. Defendants are without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis deny said averments.

11. Defendants are without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis deny said averments.

12. Denied.

13. All averments are denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendants incorporate their responses to paragraphs 1 – 19 of the Complaint as if set forth in their entirety.

21. Defendants admit that the Complaint purports to set forth a claim of patent infringement. Defendants deny that they have infringed the asserted patent.

22. Defendants admit only that the patent number, title and issue date of the patent are recited on the face of the patent. Defendants are without sufficient information to either admit or deny the remaining averments of this paragraph of the Complaint, and on this basis deny said averments.

23. Defendants are without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis deny said averments.

24. Defendants are without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis deny said averments.

25. Denied.

26. All averments are denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Defendants incorporate their responses to paragraphs 1 – 32 of the Complaint as if set forth in their entirety.

34. Defendants admit that the Complaint purports to set forth a claim of patent infringement. Defendants deny that they have infringed the asserted patent.

35. Defendants admit only that the patent number, title and issue date of the patent are recited on the face of the patent. Defendants are without sufficient information to either admit or deny the remaining averments of this paragraph of the Complaint, and on this basis deny said averments.

36. Defendants are without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis deny said averments.

37. Defendants are without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis deny said averments.

38. Denied.

39. All averments are denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Defendants incorporate their responses to paragraphs 1 – 46 of the Complaint as if set forth in their entirety.

47. Defendants admit that the Complaint purports to set forth a claim of patent infringement. Defendants deny that they have infringed the asserted patent.

48. Defendants admit only that the patent number, title and issue date of the patent are recited on the face of the patent. Defendants are without sufficient information to either admit or

deny the remaining averments of this paragraph of the Complaint, and on this basis deny said averments.

49. Defendants are without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis deny said averments.

50. Defendants are without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis deny said averments.

51. Denied.

52. All averments are denied.

53. Admitted that the Complaint identifies the '424 Patent. Otherwise, denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

53. The Complaint, and each and every purported claim for relief therein, fails to allege facts sufficient to state a claim against Defendants, including, but not limited to, a failure to adequately plead claims for indirect infringement against Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Noninfringement)

54. Defendants have not infringed and are not infringing any claims of U.S. Patent Nos. 6,976,623, 7,162,549, 7,295,443, and/or 7,522,424 under any theory, including direct infringement, infringement by inducement, or contributory infringement.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

55. U.S. Patent Nos. 6,976,623, 7,162,549, 7,295,443, and 7,522,424 and all of the claims thereof are invalid for failure to comply with one or more of the requirements for patentability, including those set forth in the Patent Act, 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

56. Plaintiff is estopped from claiming that the patents-in-suit cover any method, system, apparatus, or product of Defendants by virtue of the prior art and/or the prosecution history of U.S. Patent Nos. 6,976,623, 7,162,549, 7,295,443, and 7,522,424.

### FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

57. To the extent that Plaintiff seeks damages for any alleged infringement more than six years before the filing of this action, the claims are barred by the statutory limitation on damages pursuant to 35 U.S.C. § 286.

### SIXTH AFFIRMATIVE DEFENSE
### (Waiver, Laches, and Acquiescence)

58. Plaintiff's claims for damages and other relief are barred in whole or in part by the equitable doctrines of waiver, laches, and/or acquiescence due to, including but not limited to, Plaintiff's unreasonable delay in asserting the patents-in-suit.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Provide Notice)**

59.     To the extent that Plaintiff seeks damages for any alleged infringement prior to its giving actual notice of the patents-in-suit to Defendants, its claims are barred pursuant to 35 U.S.C. § 287(a).

**EIGHTH AFFIRMATIVE DEFENSE**
**(Patent Exhaustion, License, Estoppel, and Have-Made Rights)**

60.     Plaintiff is barred from enforcing the patents-in-suit against Defendants. Under the doctrines of patent exhaustion, implied or express license, estoppel, and have-made rights, the use or sale of products by and/or the use or sale of products supplied by licensees cannot give rise to liability for infringement of such licensed patents.

**COUNTERCLAIMS**

Newegg Inc. and Rosewil, Inc. (together, "Counterclaim-Plaintiffs"), in support of their Counterclaims against Technology Properties Limited, LLC ("Counterclaim-Defendant"), hereby aver:

1.      Counterclaim-Plaintiff Newegg Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 16839 East Gale Ave., City of Industry, California 91745.

2.      Counterclaim-Plaintiff Rosewill, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 17708 Rowland St., City of Industry, California 91748.

3.      Upon information and belief, Counterclaim-Defendant is a California limited liability company with its principal place of business at 20883 Stevens Creek Boulevard, Suite 100, Cupertino, California 95014.

4. This Court has jurisdiction over these counterclaims based upon 28 U.S.C. §§ 1367, 2201 and 2202, and by virtue of the filing by Plaintiff of the Complaint in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) based upon the filing by Counterclaim-Defendant of this action against Counterclaim-Plaintiffs in this District.

**COUNTERCLAIM FOR A DECLARATION OF NON-INFRINGEMENT
OF UNITED STATES PATENT NOS. 6,976,632, 7,162,549, 7,295,443, and 7,522,424**

6. Counterclaim-Plaintiffs repeats and reavers each and every averment contained in their Answer and Affirmative Defenses and in paragraphs 1-5 hereof as though fully set forth herein.

7. This is a counterclaim under the patent laws of the United States (35 U.S.C. §§ 1, et seq.) for a declaration that United States Patent Nos. 6,976,623 ("the '623 patent"), 7,162,549 ("the '549 patent"), 7,295,443 ("the '443 patent"), and 7,522,424 ("the '424 patent"), are not infringed by Counterclaim-Plaintiffs.

8. An actual controversy exists between Counterclaim-Plaintiffs and Counterclaim-Defendant as to the non-infringement of the '623, '549, '443 and '424 patents, as evidenced by, inter alia, the Complaint and Answer in this action.

9. Counterclaim-Plaintiffs have not infringed, induced the infringement of, or contributed to the infringement of, any claim of the '623, '549, '443 and/or '424 patents, and do not, and will not, so infringe.

10. The aforesaid acts of Counterclaim-Defendant have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Counterclaim-Plaintiffs for which Counterclaim-Plaintiffs have no adequate remedy at law and for which Counterclaim-Plaintiffs are entitled to declaratory and injunctive relief.

## COUNTERCLAIM FOR A DECLARATION OF INVALIDITY
## OF UNITED STATES PATENT NO. 6,976,623

11.     Counterclaim-Plaintiffs repeat and reaver each and every averment contained in paragraphs 1-10 hereof as though fully set forth herein.

12.     This is a counterclaim under the patent laws of the United States (35 U.S.C. §§ 1, et seq.) for a declaration that United States Patent No. 6,976,623 ("the '623 patent") is invalid.

13.     An actual controversy exists between Counterclaim-Plaintiffs and Counterclaim-Defendant as to the invalidity of the '623 patent, as evidenced by, inter alia, the Complaint and Answer in this action.

14.     The '623 patent is invalid for failure to meet with the requirements of, inter alia, Part II of Title 35 of the United States Code.

15.     The aforesaid acts of Counterclaim-Defendant have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss, and injury to Counterclaim-Plaintiffs for which Counterclaim-Plaintiffs have no adequate remedy at law and for which Counterclaim-Plaintiffs are entitled to declaratory and injunctive relief.

## COUNTERCLAIM FOR A DECLARATION OF INVALIDITY
## OF UNITED STATES PATENT NO. 7,162,549

16.     Counterclaim-Plaintiffs repeat and reaver each and every averment contained in paragraphs 1-15 hereof as though fully set forth herein.

17.     This is a counterclaim under the patent laws of the United States (35 U.S.C. §§ 1, et seq.) for a declaration that United States Patent No. 7,162,549 ("the '549 patent") is invalid.

18.     An actual controversy exists between Counterclaim-Plaintiffs and Counterclaim-Defendant as to the invalidity of the '549 patent, as evidenced by, inter alia, the Complaint and Answer in this action.

19. The '549 patent is invalid for failure to meet with the requirements of, inter alia, Part II of Title 35 of the United States Code.

20. The aforesaid acts of Counterclaim-Defendant have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss, and injury to Counterclaim-Plaintiffs for which Counterclaim-Plaintiffs have no adequate remedy at law and for which Counterclaim-Plaintiffs are entitled to declaratory and injunctive relief.

### COUNTERCLAIM FOR A DECLARATION OF INVALIDITY OF UNITED STATES PATENT NO. 7,295,443

21. Counterclaim-Plaintiffs repeat and reaver each and every averment contained in paragraphs 1-20 hereof as though fully set forth herein.

22. This is a counterclaim under the patent laws of the United States (35 U.S.C. §§ 1, et seq.) for a declaration that United States Patent No. 7,295,443 ("the '443 patent") is invalid.

23. An actual controversy exists between Counterclaim-Plaintiffs and Counterclaim-Defendant as to the invalidity of the '443 patent, as evidenced by, inter alia, the Complaint and Answer in this action.

24. The '443 patent is invalid for failure to meet with the requirements of, inter alia, Part II of Title 35 of the United States Code.

25. The aforesaid acts of Counterclaim-Defendant have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss, and injury to Counterclaim-Plaintiffs for which Counterclaim-Plaintiffs have no adequate remedy at law and for which Counterclaim-Plaintiffs are entitled to declaratory and injunctive relief.

### COUNTERCLAIM FOR A DECLARATION OF INVALIDITY OF UNITED STATES PATENT NO. 7,522,424

26. Counterclaim-Plaintiffs repeat and reaver each and every averment contained in paragraphs 1-25 hereof as though fully set forth herein.

27. This is a counterclaim under the patent laws of the United States (35 U.S.C. §§ 1, et seq.) for a declaration that United States Patent No. 7,522,424 ("the '424 patent") is invalid.

28. An actual controversy exists between Counterclaim-Plaintiffs and Counterclaim-Defendant as to the invalidity of the '424 patent, as evidenced by, inter alia, the Complaint and Answer in this action.

29. The '424 patent is invalid for failure to meet with the requirements of, inter alia, Part II of Title 35 of the United States Code.

30. The aforesaid acts of Counterclaim-Defendant have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss, and injury to Counterclaim-Plaintiffs for which Counterclaim-Plaintiffs have no adequate remedy at law and for which Counterclaim-Plaintiffs are entitled to declaratory and injunctive relief.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants Newegg Inc. and Rosewill Inc. demand a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, Newegg Inc. and Rosewill Inc. pray for the following relief:

A. Dismissal of the Complaint herein;

B. Entry of judgment declaring that they do not infringe and have not infringed, in any way, any claim of United States Patent Nos. 6,976,623, 7,162,549, 7,295,443, and 7,522,424;

C. Entry of judgment declaring that the claims of United States Patent Nos. 6,976,623, 7,162,549, 7,295,443, and 7,522,424 are invalid;

  D.  Awarding Defendants their costs and attorneys' fees incurred in prosecuting this action;

  E.  This case be declared exceptional pursuant to 35 U.S.C. § 285 and attorneys' fees be awarded to Defendants;

  F.  That no damages, injunctive relief, costs, expenses, or attorneys' fees be awarded to Plaintiff; and

  G.  Awarding Defendants such other and further relief as this Court deems just and proper.

            Respectfully Submitted,

Dated: March 19, 2014       /s/Kent E. Baldauf, Jr.
                 Kent E. Baldauf, Jr.
                 Bryan P. Clark

                 THE WEBB LAW FIRM
                 One Gateway Center
                 420 Ft. Duquesne Boulevard, Suite 1200
                 Pittsburgh, PA 15222
                 Telephone: (412) 471-8815
                 Facsimile: (412) 471-4094

                 ATTORNEY FOR DEFENDANTS
                 NEWEGG INC. AND ROSEWILL, INC.

## **CERTIFICATE OF SERVICE**

      This is to certify that on March 19, 2014, a true and correct copy of the foregoing document has been served on all counsel of record via the Court's ECF system.

 

/s/Kent E. Baldauf, Jr.
Kent E. Baldauf, Jr.
Attorney for Defendants Newegg Inc. and
Rosewill, Inc.