IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC, <br><br> Plaintiff, <br><br> v. <br><br> CANON, INC., et al., <br><br> Defendants. | CASE NO: 6:12-cv-00202-MHS <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 4(m)**

Defendants' motion to dismiss without prejudice should be denied.[1] TPL placed reasonable reliance on opposing counsel's statement that Defendants would waive service after the stay was lifted. This provided good cause for TPL to not continue with of service.

Defendants are not prejudiced by a delay in service. (Doc. 77 at 6-8.) HiTi America and Shuttle USA have been served. (Doc. 23, Case 6:12-cv-217; Doc. 26, Case 6:12-cv-207). With respect to HiTi Taiwan and Shuttle Taiwan, the parties have been discussing a stipulation for dismissal in exchange for cooperation in discovery since March 28 as noted in TPL's response. (Doc. 77 at 2; 77-4.) Defendants are still considering the proposal.

Defendants make no argument with respect to prejudice, because none exists. (Doc. 64, 85). This confirms that the goal of Defendants' motion is to try to reduce TPL's damages. Considering the potential impact on damages and TPL's good faith belief, the motion should at least be denied with respect to HiTi America and Shuttle USA, both of which were served and are the parties that sell the accused products in the United States.

---

[1] HiTi Digital, Inc.'s (HiTi Taiwan), HiTi Digital America, Inc.'s (HiTi America), Shuttle Inc.'s (Shuttle Taiwan), and Shuttle Computer Group Inc.'s (Shuttle USA) are referred to collectively as "Defendants."

1

## ARGUMENT

Defendants' motion should be denied, because TPL had good cause for not proceeding with service. Fed. R. Civ. P. 4(m). If this Court finds that TPL had good cause, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). If good cause is not shown, this Court has discretion. (Doc. 77 at 4-6.) If the Court finds TPL did not have good cause, TPL requests that this Court exercise its discretion to deny the motion, allow extended time for service, and/or allow time to reach an amicable agreement on dismissal.

TPL's understanding that Defendants would waive service after the stay was lifted was a reasonable basis to not proceed with service. Thus, TPL made a showing of good cause and its good faith belief. Defendants' attempts to disparage TPL's evidence of good faith and mischaracterize Ms. Summerfield's declaration and email should be rejected. Ms. Summerfield's contemporaneous email evidences TPL's good faith belief. (Doc. 77-1, 77-2.) Ms. Summerfield's email states that HiTi and Shuttle "will waive after the stay is lifted." *Id.* at 77-2. That was TPL's understanding. TPL reasonably believed Defendants would waive and that service would not be contested — as was the case for every other Defendant in the consolidated cases. (Doc. 77 at n. 2.)

Counsel's speculation in Defendants' reply brief is insufficient to erase TPL's good faith belief supported by contemporaneous evidence. TPL understands that opposing counsel does not recall the conversation from two years ago, but the question is whether TPL had a good faith belief. That is what Ms. Summerfield's declaration proves. Acting in good faith, TPL reasonably believed Defendants would agree to waive service following the stay. For whatever reason, Defendants did not agree to waive or accept service after the stay was lifted. Defendants' position on waiver does not negate TPL's reasonable, good faith belief.

Even if this Court determines TPL does not meet the standard for good cause, the Court still has discretion to extend time for service.  The Court's discretion to deny Defendants' motion is appropriate given the facts.  HiTi America and Shuttle USA have been served.  According to Defendants' counsel, HiTi Taiwan and Shuttle Taiwan are actively considering TPL's proposal to dismiss in exchange for discovery cooperation (e.g., document production if relevant documents are in the Taiwanese entities' possession, custody, or control and arguably not in the U.S. entities' possession, custody, or control).

Further, Defendants have not been prejudiced by the lack of formal service.  Defendants agree they received actual notice of TPL's claims against them in 2012.  Defendants are represented by counsel that has been engaged at every step of the ITC action and in this consolidated action.  Defendants' argument in response to these facts is that notice does not equal service.  (Doc. 85 at 4-5.)  Again, Defendants miss the point of these facts.  Notice is relevant, because it shows Defendants' participation in the suit for two years without complaint, it shows that no prejudice exists to Defendants, and it shows the motive behind the motion.  Defendants' repeated citations to *Jefferson v. Grayson County*, No. 4:11-cv-143 (E.D. Tex. June 25, 2012) are inapposite.  That case involved a Rule 12(b)(5) motion, Plaintiff did not serve Defendant, and Plaintiff gave no reason why she failed to serve.  (Doc. 64-2 at 5-6.)

Dismissal without prejudice would only serve to cause unnecessary delay, waste party and judicial resources, and prejudice TPL by providing Defendants with an argument to limit TPL's damages.  Plaintiff respectfully requests that this Court deny Defendants' motion to dismiss without prejudice.

Dated: April 21, 2014

Respectfully submitted,

/s/ Benjamin R. Askew
Anthony G. Simon
Timothy D. Krieger
Benjamin R. Askew
Michael P. Kella
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
St. Louis, MO 63101
Telephone: (314) 241-2929
Facsimile: (314) 241-2029
asimon@simonlawpc.com
tkrieger@simonlawpc.com
baskew@simonlawpc.com
mkella@simonlawpc.com

Gregory P. Love
Texas State Bar No. 24013060
STEVENS LOVE, PLLC
222 N. Fredonia
Longview, Texas 75601
(903) 753-6760
(903) 753-6761 (fax)
greg@stevenslove.com

*ATTORNEYS FOR PLAINTIFFS TECHNOLOGY PROPERTIES LIMITED LLC AND MCM PORTFOLIO LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on all parties of record on April 21, 2014 via the Court's CM/ECF system.

/s/ Benjamin R. Askew

4